**Tsaghik MKRTCHYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75398.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2008.

Filed June 5, 2008.

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

**MEMORANDUM \***

The record supports the IJ's adverse credibility finding, as petitioner's testimo-

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ny was implausible. *See Don v. Gonzales,* 476 F.3d 738, 743 (9th Cir.2007). She couldn't explain (1) how a soldier escaped after witnessing a general shooting another soldier, or (2) why she didn't report government corruption to an opposition political party instead of the ruling government that had allegedly detained and beaten her. Substantial evidence thus supports the finding that petitioner isn't eligible for asylum, 8 U.S.C. § 1252(b)(4)(B), so she is also necessarily ineligible for withholding of removal, *see Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Petitioner's claim for relief under the Convention Against Torture fails because a reasonable adjudicator would not be compelled to find that it's more likely than not that she would be tortured if removed. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**

W. FLETCHER, Circuit Judge, dissenting:

I conclude that the adverse credibility finding of the Immigration Judge (IJ) is not supported by substantial evidence. Therefore, I would grant the petition and remand for further proceedings. I address only the two grounds that the majority identifies as forming a proper basis for the IJ's adverse credibility determination. The other grounds identified by the IJ are equally without merit.

First, the IJ found petitioner Tsaghik Mkrtchyan not credible because she was "unable to account how Mr. [David] Menayan could have so successfully fled from the presence of an armed general, who was busy shooting in the direction of both Mr. [Artyom Avetisian] and Mr. Menayan."

Petitioner knew first-hand of Avetisian's injuries. She processed his paperwork at the military hospital to which he was transferred in Yerevan, where he subsequently died. When petitioner later went

to Karabakh to investigate the circumstances surrounding Avetisian's shooting, soldiers who had served with Avetisian told her about Menayan. She later met with Menayan's father, who told her Menayan was hiding in Sochi. She then went to Sochi and met with Menayan, who recounted the events with General Manvel Grigorian.

According to petitioner's testimony, Menayan told petitioner that he and Avetisian had served as soldiers in a covert mission into Azerbaijan under the direction of General Grigorian. He told her that Grigorian had ordered them to attack and rob civilians during this incursion, and that he and several other soldiers had refused to do so. He told her that Grigorian then reprimanded and punished them. He told her that he and Avetisian then wrote a letter of protest to the Armenian Defense Minister. He told her that Grigorian then called Menayan and Avetisian into his office, expressed his outrage at the letter, and then started shooting at them, injuring Avetisian. Menayan told her that he managed to escape and then went into hiding in Sochi.

The IJ found Menayan's story implausible. The IJ engaged in improper speculation and conjecture about how Menayan managed to escape. *See Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996) (rejecting as "conjecture" the IJ's finding that it was " 'astonishing' that 'after being chased by guerillas, shot at by guerillas, and beaten by the same guerillas,' Lopez was not then killed," where the IJ failed to provide a "specific cogent reason" for his astonishment).

Moreover, the circumstances surrounding Menayan's decision to flee his post in the army do not go to the heart of petitioner's claim. She does not claim that *she* had been shot at. She claims that she was punished for investigating corruption in

the military. Even if *Menayan's* story is not plausible, there is nothing incredible about *petitioner's* testimony. She testified that Menayan told her the story. There is no basis in the record to doubt that Menayan told her that story. Because this purported implausibility does not go to the heart of petitioner's claim, it is not a proper basis for the IJ's adverse credibility finding. *See Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006).

Second, the IJ found petitioner "less than credible" because she never "provided evidence of this [mis]conduct to opposition parties," and because she "provided information on official corruption and documents on the mistreatment of [Avetisian] and Menayan to the very people who were responsible for ignoring that evidence and for making those problems ... possible in the first place."

Petitioner explained that she "didn't believe that those people [in the opposition parties] were able to do anything." She testified that the opposition parties "had really no power." She testified that she wanted to address the allegations of corruption "by law, by the legal process."

Petitioner further testified that she pursued her complaints along official channels because "[i]t affected me badly, the death of that soldier [Avetisian], and the promise that I made to the parents of [Avetisian]." Her testimony indicates that she raised the allegations to three different entities— her political party, a government prosecutor, and a military judge—and that she *never* went back to the same entity after having faced retribution from it. In light of petitioner's perception of opposition parties as powerless, her persistent attempts to bring her claims to government officials was reasonable and logical.

The IJ failed to address these reasonable explanations for petitioner's behavior, and instead relied on his own speculation about petitioner's motives. Therefore, this basis for the IJ's adverse credibility finding is not supported by substantial evidence. *See Singh,* 439 F.3d at 1105; *Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir. 2004); *see also Salaam v. INS,* 229 F.3d 1234, 1238–39 (9th Cir.2000) (per curiam).

Because I conclude that "each of the IJ's ... proffered reasons for [the] adverse credibility finding fails," I would accept petitioner's testimony as credible. *See Marcos v. Gonzales,* 410 F.3d 1112, 1116 (9th Cir.2005) (internal quotation marks omitted). I would therefore grant the petition and remand pursuant to *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).